

Case 05-38156   Filed 09/06/06   Doc 31

```
                              FILED
                           SEP - 6 2006
                       UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 05-38156-C-7 |
| YORGO ALEXANDROS ALEXANDROU, | ) | MC No. APN-1 |
| Debtor. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO VACATE STAY NOT INTENDED FOR PUBLICATION**

This document is not intended for publication.

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014-1.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtor filed his voluntary chapter 7 petition on October 15, 2005. He scheduled a 2003 Nissan 350Z ("vehicle") as property of the estate although the vehicle was a leased vehicle and therefore not property of the estate. The vehicle was not scheduled as exempt. The court observes that debtor was discharged from all dischargeable debts on February 13, 2006.

On August 7, 2006, Nissan-Infinity, LT ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. Movant holds title to the vehicle and the debtor has defaulted under the terms of the lease agreement. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor *in personam* and of acts against property other than property of the estate will terminate when an individual in a case under chapter 7 is granted a discharge. 11 U.S.C. § 362(c)(2)(C).

The vehicle was a leased vehicle and therefore not property of the estate, and hence the debtor has no equity in the vehicle. In spite of the lack of equity, the motion for relief from the automatic stay is moot as to the debtor because

1 the debtor has been granted a discharge. Thus, the motion will
2 be denied as moot as to the debtor.
3     Additionally, because the vehicle is leased and not
4 property of the estate, and the chapter 7 trustee filed a no
5 asset report finding that the estate has no interest in the
6 property and filed no timely written opposition to the motion,
7 the motion will be granted as to the trustee.
8     An appropriate order will issue.
9     Dated: September 6, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Yorgo Alexandros Alexandrou
700 Marie Angela Drive
Tracy, CA 95377

Randall K. Walton
P.O. Box 830
Modesto, CA 95353-0830

Lawrence Gray
4719 Quail Lakes Drive #G
PMB #255
Stockton, CA 95207

Abram S. Feuerstein
20 N. Sutter St. 4th Floor
Stockton, CA 95202

Austin P. Nagel
5776 Stoneridge Mall Road #360
Pleasanton, CA 94588

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 9-8-06

_____
Deputy Clerk